DARRYL J. HOROWITT #100898
KEITH M. WHITE #188536
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile:  (559) 248-4830
Email: dhorowitt@ch-law.com
       kwhite@ch-law.com

Attorneys for Defendant,
FIRST ADVANTAGE BACKGROUND
SERVICES CORP., a Florida corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TROY JACQUES,<br><br>          Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, aka BANK OF AMERICA N.A.; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation; EARLY WARNING SERVICES, LLC, a limited liability company; and DOES 1 through 50,<br><br>          Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

Defendants First Advantage Background Services Corp. ("FABSC"), Bank of America Corporation ("BAC") a/k/a Bank of America, N.A. ("BANA"), and Early Warning Services, LLC ("EWS") hereby give notice to this Honorable Court and to the Plaintiff of the removal of Plaintiff's action from the Superior Court of California in the County of Fresno to the United States District Court for the Eastern District of California, Fresno Division. In support of removal, Defendants state as follows:

/ / /

/ / /

1. On February 23, 2012, the Plaintiff filed a "Complaint in Damages for Defamation" against the Defendants in the Superior Court of California in the County of Fresno. Ex. 1 (Complaint).

2. Plaintiff's Complaint alleges that "Bank of America, First Advantage, and Early Warning Services caused to be published and/or republished … false and defamatory statements about Plaintiff," which statements allegedly "were made with express malice" and "were defamatory per se." *Id.* at ¶14, ¶17, and ¶19.

## I. THIS COURT HAS ORIGINAL JURISDICTION HERE.

3. This Court has original jurisdiction over lawsuits in which: a) the parties are citizens of diverse states; and b) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 (granting original jurisdiction to federal courts if subject matter involves diverse parties and an amount in controversy exceeding $75,000) and 1441 (allowing cases over which the federal courts have original jurisdiction to be removed from state courts). Both conditions are met here.

### A. <u>The Parties to this action are diverse.</u>

4. The parties to this action are diverse, because they are citizens of different states:

 a. Plaintiff has alleged that he is a citizen of California. Ex. 1 at ¶1.

 b. Neither BAC nor BANA are citizens of California. BAC is a citizen of Delaware and of North Carolina. BANA is a citizen of North Carolina. *See Id.* at ¶2.

 c. FABSC is not a citizen of California: it is a citizen of Florida. *See Id.* at ¶3.

 d. EWS "is a limited liability company" or LLC. *Id.* at ¶4. As a matter of law, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). None of EWS's owners/members are citizens of California. The members of EWS are: (I) BANA; (ii) Branch Banking and Trust Company, a citizen of North Carolina; (iii) JPMorgan Chase Bank, N.A., a citizen of Ohio; (iv) Wells Fargo Bank, N.A., a citizen of South Dakota; and (v) Capital One, N.A., a citizen of Virginia.

/ / /

/ / /

**B.     The amount in controversy exceeds $75,000.**

5.     Plaintiff's Complaint does not specify an amount in controversy. Ex. 1 at p. 4. Plaintiff seeks general damages in excess of the jurisdictional minimum of the superior court ($25,000.00) and attorney fees. *Id.* Because the complaint does not specify an amount, Defendants "bear[] the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 204 (9th Cir. 1996).

6.     This Court may take judicial notice of the fact that plaintiffs who have raised claims for malicious defamation per se in California state courts – as the Plaintiff does here – have routinely been awarded damages well in excess of $75,000 for valid claims. *See, e.g., Sommer v. Gabor*, 48 Cal. Rptr. 2d 235 (Cal. Ct. App. 1995) (affirming jury verdicts of $1.25 million and $2.05 million against each defendant for defamation per se); *see also Tavaglione v. Billings*, 847 P.2d 574 (9th Cir. 1993) (reversing general verdict of $2.25 million for reconsideration of the damage award for non-defamation claims, because the jury's award for defamation was "only" $604,787).

7.     Accordingly, the preponderance of the evidence indicates that the amount in controversy in this litigation exceeds $75,000.

**II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER.**

8.     To properly remove a case from state court to federal court, the removing party must:  a) file a notice of removal in federal court within 30 days of service; b) present to the federal court a copy of all documents that were served on defendants in the state court action; and c) file a notice of notice of removal in state court. 28 U.S.C. § 1446.  Each of these conditions is met here.

9.     As judicially interpreted, 28 U.S.C. § 1446(b) requires all defendants in an action to file or consent to file a removal petition within 30 days of the date the *last* defendant was served with the complaint. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

10.     BAC and BANA were served with process on April 19, 2012, and EWS and FABSC were served with process on April 20, 2012. Accordingly, Defendants' notice of

removal is facially timely if it is filed within 30 days of April 20, 2012, *i.e.*, by May 20, 2012. And because May 20, 2012 is a Sunday, Defendants' notice of removal is actually timely if it is filed by Monday, May 21, 2012. *See, e.g., Krug v. Wells Fargo Bank*, N.A., No. 11-5190, 2011 U.S. Dist. LEXIS 143218, at *2 (N.D. Cal. Dec. 13, 2011) (applying Fed. R. Civ. P. 6 to extend removal deadline where 30th day after service fell on a Saturday).

11. Because Defendants have filed this Notice of Removal on or before May 21, 2012, removal is timely per 28 U.S.C. §1446(b). All named Defendants consent to and join in this Notice of Removal.

12. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice is a true and correct copy of all pleadings served upon Defendants in the state court action.

13. As required by 28 U.S.C. § 1446(d), Defendants will file a "Notice of Filing a Notice of Removal" with the Superior Court of California in the County of Fresno promptly after filing this Notice of Removal. Ex. 2 (Copy of "Notice of Filing a Notice of Removal").

14. Because this Notice of Removal validly invokes this Court's original jurisdiction and is procedurally proper, this case is hereby removed from the Superior Court of California in the County of Fresno to the United States District Court for the Eastern District of California.

WHEREFORE, Defendants give notice that this case has been removed to the United States District Court for the Eastern District of California, and that no further proceedings may be had in the Superior Court of California in the County of Fresno.

Respectfully submitted,

Dated: May 18, 2012          COLEMAN & HOROWITT, LLP

                             /s/ Keith M. White
                         By:_____
                             KEITH M. WHITE
                             Attorneys for Defendant,
                             FIRST ADVANTAGE BACKGROUND
                             SERVICES CORP., a Florida corporation
                             *Counsel for FABSC*

(Signatures continue on next page.)

GREENBERG TRAURIG, LLP

Dated: May 18, 2012            By: /s/ Roger L. Scott (authorized 5/18/12)
                                      ROGER L. SCOTT (SBN 247165)
                                      ALAN A. GREENBERG (SBN 150827)
                                      3161 Michelson Drive, Suite 1000
                                      Irvine, CA 92612
                                      Telephone: (949) 732-6500
                                      Email: scottro@gtlaw.com
                                                greenbergal@gtlaw.com
                                      *Counsel for EWS*

EDWARDS WILDMAN

Dated: May 18, 2012            By: /s/ Elizabeth Zepeda (authorized 5/18/12)
                                      ELIZABETH ZEPEDA (SBN 140392)
                                      9665 Wilshire Blvd., Suite 200
                                      Beverly Hills, CA 90212
                                      Telephone: (310) 860-8700
                                      Email: ezepeda@edwardswildman.com
                                      *Counsel for BAC and BANA*