# EXHIBIT "1"

DOUGLAS TUCKER 172550
HENRY Y. CHIU 222927
MOSS, TUCKER, CHIU, HEBESHA & WARD PC
A Professional Corporation
5260 North Palm, Suite 205
Fresno, California 93704
Telephone: (559) 472-9922
Facsimile: (559) 472-9892

Attorneys for **Plaintiff**,
TROY JACQUES

FILED

FEB 23 2012

FRESNO COUNTY SUPERIOR COURT
By_____Dawn Houston_____
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

### UNLIMITED CIVIL CASE

* * *

| | |
|---|---|
| TROY JACQUES, | Case No.: 12 CE CG 00 6 1 4 |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA CORPORATION, a Delaware corporation, aka BANK OF AMERICA N.A.; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation; EARLY WARNING SERVICES, LLC, a limited liability company, and DOES 1 through 50, | **COMPLAINT FOR DAMAGES FOR DEFAMATION** |
| Defendant. | |

Plaintiff, TROY JACQUES ("Jacques") alleges the following against Defendant BANK OF AMERICA CORPORATION, aka BANK OF AMERICA N.A. ("Bank of America"); Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., ("First Advantage"), Defendant EARLY WARNING SERVICES, and DOES 1 through 50, inclusive (collectively as "Defendants"):

### GENERAL ALLEGATIONS

1. Plaintiff is, and at all material times was, an individual residing within Fresno County, California.

2. Plaintiff is informed and believes and thereon alleges that Defendant BANK OF AMERICA CORPORATION is a Delaware corporation doing business in California.

LAW OFFICES
Moss, Tucker, Chiu,
Hebesha & Ward PC
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 205
FRESNO, CA 93704

1
COMPLAINT FOR DAMAGES FOR DEFAMATION

EXHIBIT 1

3.  Plaintiff is informed and believes and thereon alleges Defendant FIRST ADVANTAGE is a Florida corporation doing business in California.

4.  Plaintiff is informed and believes and thereon alleges Defendant EARLY WARNING SERVICES is a limited liability company doing business in California.

5.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities once they are ascertained.

6.  On or about December 5, 2005, Plaintiff was employed by Bank of America. Subsequent to Plaintiff's employment with Bank of America, Plaintiff was hired by independent party Wells Fargo, and was employed by Wells Fargo beginning October 8, 2009 through April 15, 2011.

7.  On or about April 8, 2011, Plaintiff received a "Pre-Adverse Action Notification" from Wells Fargo, in which he was informed that a decision concerning his continued employment at Wells Fargo was pending review of Plaintiff's consumer report. The letter further states that an adverse employment action may be based on the consumer report, and that should Plaintiff believe that any of the information contained in the report to be inaccurate or incomplete, he should contact First Advantage in order for the corrected information to be reviewed prior to Wells Fargo taking employment decision based on the reported information.

8.  Wells Fargo forwarded a copy of the First Advantage consumer report to Plaintiff with the April 8, 2011 letter. Wells Fargo ordered the report on February 2, 2011, and received the report on February 24, 2011. The consumer report publishes highly defamatory allegations made by Defendant Bank of America that there was an "internal fraud match." The report indicates that the alleged "internal fraud match" incident occurred on September 29, 2008, and had a "severity" of 100.

9.  On or about April 15, 2011, Plaintiff received a notification from Wells Fargo that he would no longer be eligible for employment due to the defamatory statements contained in the consumer report that Wells Fargo had received from First Advantage, based on the defamatory

LAW OFFICES
Moss, Tucker, Chiu,
Hebesha & Ward PC
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 205
FRESNO, CA 93704

2

statements contained in the report furnished by Bank of America.

10. Subsequently, Plaintiff engaged in reasonable actions to remove the defamatory statements made by Defendants Bank of America, First Advantage, and Early Warning Services, to no avail. Defendants refused to remove the defamatory statements from the credit report.

11. Plaintiff has made several attempts to resolve the matter with Defendants Bank of America, First Advantage, and Early Warning Services. Each of the defendants and every one of them refuse to correct the false information reported about Plaintiff.

FIRST CAUSE OF ACTION
(Defamation)

Plaintiff alleges against Defendants Bank of America, First Advantage, Early Warning Services, and DOES 1 through 50, inclusive, as follows:

12. Plaintiff incorporates the allegations of paragraphs 1 through 11 by reference as if set forth fully herein.

13. During and subsequent to Plaintiff's employment with Defendant Bank of America, Bank of America made statements about Plaintiff of a false and defamatory nature and in a malicious manner, thereby disparaging Plaintiff and preventing Plaintiff from engaging in his professional capacity at Wells Fargo and elsewhere and which caused Plaintiff to be terminated from Wells Fargo.

14. Subsequent to Plaintiff's employment with Defendant Bank of America, Bank of America, First Advantage, and Early Warning Services caused to be published and/or republished such false and defamatory statements about Plaintiff, thereby causing Plaintiff damage.

15. Defendant Bank of America published the defamatory publication to Defendants knowing that subsequent republication was reasonably foreseeable.

16. As more fully alleged above, these false and defamatory statements include but are not limited to an allegation that Plaintiff committed fraud.

17. Each of the defamatory statements made, and/or published by Defendants about Plaintiff were made with express malice, in bad faith, without belief in the truth of the matter

LAW OFFICES
Moss, Tucker, Chiu,
Hebesha & Ward PC
A PROFESSIONAL CORPORATION
5200 NORTH PALM AVENUE
SUITE 205
FRESNO, CA 93704

COMPLAINT FOR DAMAGES FOR DEFAMATION

1 | published, and or with reckless disregard of the truth or falsity of the matter stated.

2 | 18. Each of these statements harmed Plaintiff's reputation among his colleagues
3 | employed at Wells Fargo, and in the general business community and deterred other third parties
4 | from associating, dealing, and employing or continuing employment of Plaintiff.

5 | 19. Each of the defamatory statements were defamatory per se because the statements
6 | ascribe characteristics of Plaintiff which are incompatible with the proper conduct of Plaintiff's
7 | business and profession. The defamatory statements have injured Plaintiff in his reputation and
8 | continue to injure Plaintiff and his reputation among his former colleagues and in the business
9 | community generally.

10 | 20. It is reasonably foreseeable Defendants' published allegation that Plaintiff committed
11 | fraud would cause Plaintiff damage. As a proximate result of the publication of false and
12 | defamatory statements by Defendants, Plaintiff has suffered and continues to suffer substantial
13 | damages.

14 | WHEREFORE, Plaintiff prays for judgment as follows, in amounts according to proof:

15 | 1. For general damages in excess of the jurisdictional minimum in an amount according
16 | to proof at trial;

17 | 2. For pre-judgment interest and post-judgment interest at the maximum legal rate;

18 | 3. For reasonable attorneys' fees to the extent they are provided by law;

19 | 4. For costs of suit incurred herein; and

20 | 5. For such other and further relief as the Court may deem just and proper.

21

22 | Dated: February 23, 2012.   MOSS, TUCKER, CHIU, HEBESHA & WARD
A Professional Corporation

23

24 | By: _Doug Tucker_
DOUGLAS TUCKER
25 | Attorneys for Plaintiff

26

27

28 | 12253.00/pldg.complaint

LAW OFFICES
Moss, Tucker, Chiu,
Hebesha & Ward PC
A PROFESSIONAL CORPORATION
5263 North Palm Avenue
Suite 205
Fresno, CA 93704

4
COMPLAINT FOR DAMAGES FOR DEFAMATION

# SUMMONS
### (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUM-100

**FILED**

FEB 23 2012

FRESNO COUNTY SUPERIOR COURT
By DAWN HOUSTON
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEE ADDITIONAL PARTIES ATTACHMENT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TROY JACQUES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>FRESNO COUNTY SUPERIOR COURT<br>1130 "O" Street<br>Fresno, California 93724 | CASE NUMBER *(Número del Caso):*<br>12 CE CG 00614 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Tucker                                    Moss, Tucker, Chiu, Hebesha & Ward PC
5260 N. Palm Avenue, Suite 205                    (559) 472-9922
Fresno, California 93704

| | | | |
|---|---|---|---|
| DATE: FEB 23 2012<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | DawnHouston | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* First Advantage Background Services Corp.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Martin Dean's<br>ESSENTIAL FORMS™ | SUMMONS |

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

12253.00

| SHORT TITLE: JACQUES v. BANK OF AMERICA | CASE NUMBER: | SUM-200(A) |
|---|---|---|

## INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANK OF AMERICA CORPORATION, a Delaware corporation, aka BANK OF AMERICA N.A.; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation; EARLY WARNING SERVICES, LLC, a limited liability company and DOES 1 through 50

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
LexisNexis
ESSENTIAL FORMS™

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons          12253.00

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section.   Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes —divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1.  **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2.  **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

### Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

### ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- Often **quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- Often **less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- Often **less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. *Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.  These organizations include:

- **Better Business Bureau Mediation Center**- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.valleymediation.net .

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)
  www.bbbcencal.org

- **Fresno Pacific Mediation Services**- This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP).  They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.peace.fresno.edu/mediate/.

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  mediation.services@fresno.edu

- **San Joaquin College of Law Mediation Center**- This organization provides free mediation to self-represented parties regarding family law property disputes.  They also assist with the preparation of marital settlement agreements for divorcing parties.  For more information go to www.sjcl.edu and click on mediation.

  905 5th Street
  Clovis, CA. 93612
  (559) 323-2100

For more information, go to www.fresnosuperiorcourt.org/alternative_dispute_resolution or contact :

| Mari Henson, Administrator | John Montejano, Asst. Administrator |
|---|---|
| 1130 'O' Street, Fresno CA 93724-0002 | 1130 'O' Street, Fresno, CA 93724-0002 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | jmontejano@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                              FAX NO:<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 'O' Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:    (    ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report** at least **10 court days** prior to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐   Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R01-09            STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO:<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA · COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed:  _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference:  _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or Dismissal form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
         Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R01-09          **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**          Page 1 of 2

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

 If the dispute resolution process caused an increase in court time for this case, please check the  estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>Civil Department • Non-Limited<br>1100 Van Ness Aveune Fresno, 93724-0002<br>(559)457-2000 | Filed<br>  Fresno County<br><br>FEBRUARY  23, 2012<br><br>By System |
| TITLE OF CASE:<br><br>  **Troy Jacques vs Bank of American Corp.** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>  **12CECG00614 MWS** |

To All Parties and their Attorneys of Record:

> This case has been assigned to Judge Mark W Snauffer for all purposes.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on JULY     02, 2012 at 01:30 PM in, **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  February 23, 2012                Clerk, by  _____ , Deputy

DawnHouston

D. Houston

TCV-48 E11-02                **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

**EXHIBIT "2"**

| | |
|---|---|
| 1 | DARRYL J. HOROWITT #100898 |
| | KEITH M. WHITE #188536 |
| 2 | COLEMAN & HOROWITT, LLP |
| | Attorneys at Law |
| 3 | 499 West Shaw, Suite 116 |
| | Fresno, California 93704 |
| 4 | Telephone: (559) 248-4820 |
| | Facsimile:  (559) 248-4830 |
| 5 | |
| 6 | Attorneys for Defendant, |
| | FIRST ADVANTAGE BACKGROUND |
| 7 | SERVICES CORP., a Florida corporation |

8    SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

9    UNLIMITED CIVIL

| | | |
|---|---|---|
| 10 | TROY JACQUES, | CASE NO. 12CECG00614 |
| 11 |         Plaintiff, | |
| 12 |    v. | **NOTICE OF FILING A NOTICE OF REMOVAL TO FEDERAL COURT** |
| 13 | BANK OF AMERICA CORPORATION, a | |
| 14 | Delaware corporation, aka BANK OF AMERICA N.A.; FIRST ADVANTAGE | |
| 15 | BACKGROUND SERVICES CORP., a Florida corporation; EARLY WARNING | |
| 16 | SERVICES, LLC, a limited liability company; and DOES 1 through 50, | |
| 17 |         Defendants. | |
| 18 | | |

19   TO PLAINTIFF TROY JACQUES AND HIS ATTORNEY OF RECORD:

20        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

21   United States District Court for Eastern District of California on May 18, 2012.

22        A copy of the said Notice of Removal is attached to this Notice, and is served and filed

23   herewith.

24   Dated: May 18, 2012                    COLEMAN & HOROWITT, LLP

25

26                                   By: _____

27                                       KEITH M. WHITE
                                        Attorneys for Defendant,
28                                       FIRST ADVANTAGE BACKGROUND
                                        SERVICES CORP., a Florida corporation

1

**EXHIBIT 2**