IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>       Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORP., FIRST ADVANTAGE BACKGROUND SERVICES, and EARLY WARNING SERVICES,<br><br>       Defendants.<br>_____/ | CASE NO. CV-F-12-821 LJO DLB<br><br>**ORDER ON EARLY WARNING'S MOTION TO DISMISS** (Doc. 8) |

### INTRODUCTION

Defendant Early Warning Services ("Early Warning") moves to dismiss plaintiff Troy Jacques' ("Mr. Jacques'") complaint pursuant to Fed. R. Civ. P. 12(b)(6). Early Warning argues that it must be dismissed from this action because Mr. Jacques' defamation claim fails to allege that Early Warning reported, published, or used any information about Mr. Jacques. In addition, Early Warning contends that Mr. Jacques cannot cure the defect, because his defamation claim is preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"). Mr. Jacques failed to oppose this motion. Having considered Early Warning's moving papers and the applicable case law, this Court finds this motion suitable for a decision without a hearing and VACATES the June 25, 2012 hearing on this motion pursuant to Local Rule 230(c) and (g). For the following reasons, this Court DISMISSES Early Warning from this action but GRANTS Mr. Jacques leave to amend.

**BACKGROUND**

Mr. Jacques asserts a defamation claim against defendants Bank of America Corporation ("Bank of America"), First Advantage Background Services Corporation ("First Advantage"), and Early Warning. Mr. Jacques alleges that he was fired by Wells Fargo based on the defamatory statements Bank of America made about him that were subsequently published by First Advantage to Wells Fargo. Mr. Jacques alleges that defendants made these defamatory statements about him with malice and in bad faith. He further asserts that the statements are defamatory per se because they ascribe characteristics to Mr. Jacques that are incompatible with his business and profession and injure his professional reputation.

Mr. Jacques was employed with Bank of America beginning December 5, 2005. He began working at Wells Fargo on October 8, 2009. He was subsequently fired from Wells Fargo on April 15, 2012 based on the defamatory statements made by defendants to Wells Fargo.

Mr. Jacques first learned of the defamatory statements on April 8, 2011, when he received a "Pre-Adverse Action Notification" from Wells Fargo. In that notice, he was informed that a decision concerning his continued employment was pending review of Mr. Jacques' consumer report. The notice further advised that should Mr. Jacques believe that any of the information contained in the consumer report to be inaccurate or incomplete, he should contact First Advantage to correct the information before Wells Fargo takes further action based on the reported information.

Wells Fargo provided Mr. Jacques with the consumer report with the April 8, 2012 notice. The consumer report was provided to Wells Fargo by First Advantage and contained information reported by Bank of America. That report published highly defamatory allegations made by Bank of America that there was an "internal fraud match." The report indicated that the alleged "internal fraud match" incident occurred on September 29, 2008 and has a "severity" of 100.

Wells Fargo notified Mr. Jacques on April 15, 2011 that he was no longer eligible for employment based on the consumer report that Wells Fargo received from First Advantage and the defamatory statements contained therein. Subsequently, Mr. Jacques engaged in reasonable actions to remove the defamatory statements without success. In addition, Wells Fargo, First Advantage, and Early Warning refuse to correct the false information.

Mr. Jacques filed his complaint against defendants on February 23, 2012. First Advantage removed the action to this Court on May 18, 2012. On May 25, 2012, First Advantage and Early Warning separately moved to dismiss the complaint. Mr. Jacques failed to oppose Early Warning's motion to dismiss. As set forth above, this Court vacates the June 25, 2012 hearing on this motion and issues the following order.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*,572 F.3d

3

962, 969 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). In practice, a counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

### DISCUSSION

Early Warning argues that Mr. Jacques fails to allege any element of a libel claim against it in the complaint. "Under California law, '[l]ibel is a false and unprivileged publication...which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1167-68 (9th Cir. 2009) (quoting Cal. Civ. Code §45).

Mr. Jacques' complaint includes only two allegations about Early Warning. Mr. Jacques alleges that after he was employed with Bank of America, "Bank of America, First Advantage, and Early Warning Services caused to be published, and/or republished such false and defamatory statements about" him which caused him damage. Compl., ¶14. Mr. Jacques also alleges that he "engaged in reasonable actions to remove the defamatory statements made" by Bank of America, First Advantage, and Early Warning. *Id*. at ¶10.

Early Warning argues that these allegations are conclusory in nature and provide no indication as to what Early Warning did or what statements Early Warning allegedly published. Early Warning argues that this Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted references, and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit*, 339 F.3d at 767. Early Warning concludes that because the complaint lacks allegations of wrongdoing against Early Warning, it must be dismissed from the complaint.

The general factual allegations of the complaint detail the alleged wrongdoing of Bank of America and First Advantage, but not Early Warning. The complaint makes clear that Wells Fargo provided the false information to the credit reporting agencies and that First Advantage provided the consumer report to Wells Fargo. There are no factual allegations related to Early Warning. From the complaint, this Court cannot determine whether Early Warning published information about Mr. Jacques

4

how, or to whom. Accordingly, the factual allegations about Early Warning are "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements.'" *Iqbal*, 129 S. Ct. at 1951. These allegations are "not entitled to the truth" and are subject to a motion to dismiss. *Id.* Because the allegations against Early Warning are insufficient to state a claim against it, Early Warning is dismissed from the complaint.

Next this Court must determine whether to grant leave to amend the complaint. Pursuant to Fed. R. Civ. P. 15, this Court should grant leave to amend freely. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (citations omitted). Here, Mr. Jacques could cure the defect of his defamation claim against Early Warning by including specific allegations against Early Warning.

Early Warning argues that the defects of the complaint cannot be cured because, even if Mr. Jacques were to add specific allegations against Early Warning, his defamation claim would be preempted by the FCRA. Early Warning argues that the FCRA is applicable because Mr. Jacques' defamation claim against Early Warning "is based exclusively on statements made in a consumer report regarding his eligibility for employment."

This argument is based on the assumption that Mr. Jacques' specific allegations against Early Warning fall within the FCRA. This Court cannot make this assumption at this stage. The complaint alleges only that Early Warning is a limited liability corporation. Based on the complaint, this Court cannot determine whether Early Warning is a consumer reporting agency or a furnisher of information. Because, this Court cannot determine at this stage whether the FCRA is applicable to Early Warning, this Court cannot dismiss Early Warning with prejudice.

Moreover, Early Warning argues that "no matter what allegations Jacques makes, the FCRA preempts his defamation claim against Early Warning" because Mr. Jacques failed to plead specific allegations of malice. "Even if [a plaintiff's] libel claim is not preempted by §1681t(b)(1)(F), it is still subject to §1681h(e), and so he must prove, in addition to the common law elements of libel, that the information was 'false' and 'furnished with malice or willful intent to injure.'" *Gormon*, 584 F.3d at 1168. Assuming without ruling that this section applies to Early Warning, this Court agrees that the

5

allegations of malice in the complaint are insufficient as they are a mere "formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.  This defect, however, could be cured by amendment.  Accordingly, Mr. Jacques is granted leave to amend.

### CONCLUSION

For the foregoing reasons, this Court:

1. VACATES the June 25, 2012 hearing on this motion;
2. GRANTS Early Warning's motion to dismiss; and
3. GRANTS Mr. Jacques leave to amend.  Mr. Jacques will have **one opportunity** to amend his complaint to allege a claim against Early Warning sufficiently.  An amended complaint, if any, shall be filed no later than July 12, 2012.

IT IS SO ORDERED.

**Dated:** **June 12, 2012**                    /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE