Case 1:12-cv-00821-LJO-DLB   Document 13   Filed 06/18/12   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>        Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORP., FIRST ADVANTAGE BACKGROUND SERVICES, and EARLY WARNING SERVICES,<br><br>        Defendants.<br>                                      / | CASE NO. CV-F-12-821 LJO DLB<br><br>**ORDER ON FIRST ADVANTAGE'S MOTION TO DISMISS** (Doc. 7) |

## INTRODUCTION

Defendant First Advantage Background Services ("First Advantage") moves to dismiss plaintiff Troy Jacques' ("Mr. Jacques'") complaint pursuant to Fed. R. Civ. P. 12(b)(6). First Advantage argues that it must be dismissed from Mr. Jacques' defamation action, because the statements it furnished about Mr. Jacques were privileged. First Advantage further faults Mr. Jacques for failing to allege malice with specificity. Mr. Jacques failed to oppose this motion. This Court considered First Advantage's moving papers, the relevant case law, and authorities and found this motion suitable for a decision on the record. Accordingly, this Court VACATES the June 28, 2012 hearing on this motion pursuant to Local Rule 230(c) and (g). For the following reasons, this Court GRANTS First Advantage's motion to dismiss and GRANTS Mr. Jacques leave to amend. Mr. Jacques has one opportunity to amend his complaint to correct the defects raised by First Advantage.

1

# BACKGROUND

Mr. Jacques asserts a defamation claim against defendants Bank of America Corporation ("Bank of America"), First Advantage, and Early Warning Services ("Early Warning"). Mr. Jacques alleges that he was fired by Wells Fargo based on the defamatory statements Bank of America made about him that were subsequently published by First Advantage to Wells Fargo. Mr. Jacques alleges that defendants made these defamatory statements about him with malice and in bad faith. He further asserts that the statements are defamatory per se because they ascribe characteristics to Mr. Jacques that are incompatible with his business and profession and injure his professional reputation.

Mr. Jacques was employed with Bank of America beginning December 5, 2005. He began working at Wells Fargo on October 8, 2009. He was subsequently fired from Wells Fargo on April 15, 2012 based on the defamatory statements made by defendants to Wells Fargo.

Mr. Jacques first learned of the defamatory statements on April 8, 2011, when he received a "Pre-Adverse Action Notification" from Wells Fargo. In that notice, he was informed that a decision concerning his continued employment was pending review of Mr. Jacques' consumer report. The notice further advised that should Mr. Jacques believe that any of the information contained in the consumer report to be inaccurate or incomplete, he should contact First Advantage to correct the information before Wells Fargo takes further action based on the reported information.

Wells Fargo provided Mr. Jacques with the consumer report with the April 8, 2012 notice. The consumer report was provided to Wells Fargo by First Advantage. That report contained information provided by Bank of America that there was an "internal fraud match." The report indicated that the alleged "internal fraud match" incident occurred on September 29, 2008 and has a "severity" of 100. Mr. Jacques' defamation claim is based on these statements.

Wells Fargo notified Mr. Jacques on April 15, 2011 that he was no longer eligible for employment based on the consumer report that Wells Fargo received from First Advantage and the defamatory statements contained therein. Subsequently, Mr. Jacques engaged in reasonable actions to remove the defamatory statements without success. In addition, Wells Fargo, First Advantage, and Early Warning refused to correct the false information.

Mr. Jacques filed his complaint against defendants on February 23, 2012. First Advantage

removed the action to this Court on May 18, 2012.  On May 25, 2012, First Advantage and Early Warning separately moved to dismiss the complaint.  Mr. Jacques failed to oppose First Advantage's motion to dismiss.  As set forth above, this Court vacates the June 28, 2012 hearing on this motion and issues the following order.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv*.,572 F.3d 962, 969 (9th Cir. 2009)).  A court is "free to ignore legal conclusions, unsupported conclusions,

3

unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). In practice, a counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## DISCUSSION

First Advantage argues that Mr. Jacques fails to allege a defamation claim against it in the complaint, because the alleged defamatory speech is privileged. "The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Similar elements apply to a written defamatory statement. "Under California law, '[l]ibel is a false and unprivileged publication...which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1167-68 (9th Cir. 2009) (quoting Cal. Civ. Code §45).

First Advantage argues that the alleged defamatory statement is privileged pursuant to Cal. Civ. Code §47(c), which provides:

> A privileged publication or broadcast...includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant.

*Id*. This privilege, referred to as the common-interest privilege, is "a conditional privilege against defamatory statements made without malice on subjects of mutual interest." *Noel v. River Hills Wilsons, Inc*., 113 Cal. App. 4th 1363, 1369 (2003). "If malice is shown, the privilege is not merely overcome; it never arises in the first instance." *Brown v. Kelly Broadcasting Inc*., 48 Cal. 3d 711, 723 n. 7 (1989). "It is the *occasion* giving rise to the publication that is the conditionally privilege, i.e., under specified conditions the occasion gives rise to a publication. If the privilege arises, it is a complete defense." *Id*. (emphasis in original).

The common-law privilege applies to "uncomplimentary statements that plaintiff's former employer made to prospective employers." *Noel,* 113 Cal. App. 4th at 1369. Pursuant to this privilege, "a former employer may properly respond to an inquiry from a potential employer concerning an

4

individual's fitness for employment, and if it id not done maliciously, such response is privileged." *Id*. (quoting *Neal v. Gatlin,* 35 Cal. App. 3d 871, 877 (1973)).

First Advantage relies on *Noel, supra,* to argue that the statements it reported to Wells Fargo about Mr. Jacques based on the information it received from Bank of America is privileged.  In *Noel*, the plaintiff's employer hired a background reporting company, Choicepoint, to furnish a background report about the plaintiff.  Choicepoint contacted the plaintiff's former employer and asked for information about him.  The former employer mistakenly reported adverse information about the plaintiff. Choicepoint reported that false information to the plaintiff's current employer.  Based on the false information, the plaintiff was fired.  The plaintiff sued the former employer for defamation.  The court found that common-interest privilege applied to the statement made by the former employer to Choicepoint, because it was a statement of mutual interest and was made without malice.

Although the *Noel* court's conclusion is not directly on point with the factual circumstances of this action, this Court cannot find reason to distinguish it.  In *Noel*, the Court found that the communication by the former employer to the reporting body was privileged. Applied to this action, the statements made by Bank of America to First Advantage would be privileged.  The question presented in this action, however, is whether the privilege applies to the communication made by the reporting agency to the current employer; to wit, was the communication made by First Advantage to Wells Fargo privileged?  This Court finds that it was.  First Advantage acted as the intermediate furnisher of information between the former and current employers.  If the statements made by the former employer to the reporting agency were privileged, then the communication of that information from the reporting agency to the current employer should continue to be privileged, so long as the reporting agency does not act with malice.  Extending the privilege to the second-half of communication chain protects the point of the privilege.  The employers hold the mutual interest of information about the employee. Accordingly, the information between employers remains privileged, even if a third party reporting agency acts as an intermediary to communicate that information between the employers. Based on this analysis, this Court finds that the common-interest privilege applies to the communication made between First Advantage and Wells Fargo.  Accordingly, the communication made by First Advantage concerning Mr. Jacques' job performance to Mr. Jacques' current employer was privileged, so long as

5

it was made without malice.

First Advantage next argues that Mr. Jacques' defamation claim fails because the allegations of malice are insufficient . Relying on inapplicable California procedural legal authority, Mr. Jacques argues that a plaintiff must specifically allege malice to defeat the conditional privilege. While these pleading standards may not apply in this federal court, this Court does find that the allegations of malice in the complaint are insufficient as they are a mere "formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555. According, the allegations of malice are insufficient to withstand a Fed. R. Civ. P. 12(b)(6) motion.

This defect, however, could be cured by amendment. Pursuant to Fed. R. Civ. P. 15, this Court should grant leave to amend freely. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (citations omitted). Here, Mr. Jacques could cure the defect of his defamation claim against First Advantage by including specific allegations of malice, if any. Accordingly, Mr. Jacques is granted leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS First Advantage's motion to dismiss;
2. GRANTS Mr. Jacques leave to amend. Mr. Jacques will have **one opportunity** to amend his complaint to allege a claim against Early Warning sufficiently. An amended complaint, if any, shall be filed no later than July 12, 2012.

IT IS SO ORDERED.

**Dated:   June 18, 2012**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE