1
2
3
4
5
6
7
8
9
10
11

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES, | CASE NO. CV F 12-0821 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT BANK OF AMERICA'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 26.) |
| BANK OF AMERICA CORPORATION, | |
| Defendant. | |
| _____/ | |

### INTRODUCTION

Defendant Bank of America, N.A. ("B of A") seeks to dismiss plaintiff Troy Jacques ("Mr. Jacques'") defamation claim as privileged and lacking facts to support malice. Mr. Jacques responds that he adequately alleges malice to withstand B of A's privilege assertion and dismissal. This Court considered B of A's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the November 13, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES with leave to amend Mr. Jacques' defamation claim.

1

## BACKGROUND[1]

### Mr. Jacques' Employment

B of A employed Mr. Jacques during 2005-2009.  In October 2009, Mr. Jacques commenced employment with Wells Fargo.

On February 2, 2011, Wells Fargo ordered from First Advantage Background Services Corp. ("First Advantage") Mr. Jacques' consumer report and received it on February 24, 2011.  The consumer report attributes to B of A claims of an "internal fraud match" occurring on September 29, 2008 with an assessed "severity" of 100.

On April 8, 2011, Mr. Jacques received from Wells Fargo a "Pre-Adverse Action Notification" that a decision concerning Mr. Jacques' continued Wells Fargo employment was pending review of the consumer report, which was included in the correspondence to Mr. Jacques.  Mr. Jacques requested his personnel file from B of A, and the file lacked "any documents pertaining to the alleged investigation." On April 15, 2011, Wells Fargo notified Mr. Jacques of his termination due to the consumer report.  Mr. Jacques claims his "attempts to remove defamatory statements from the consumer report have been futile."

### Mr. Jacques' Claims

The AC alleges that:

1.     Mr. Jacques was not informed of a B of A investigation until Mr. Jacques resigned from B of A to join Wells Fargo;

2.     Mr. Jacques was provided no explanation or details of the B of A's investigation and no opportunity to review or contest preliminary findings;

3.     Mr. Jacques did not learn of B of A's finalization of preliminary findings "until he had been employed by Wells Fargo for some time"; and

4.     B of A retaliated against Mr. Jacques for his acceptance of employment with Wells Fargo.

The AC alleges a sole defamation claim that B of A "made statements about Plaintiff of a false

---

[1]    The factual recitation is derived generally from Mr. Jacques' Amended Complaint for Damages for Defamation ("AC"), the target to B of A's challenges.

2

1    and defamatory nature and in a malicious manner, thereby disparaging Plaintiff and preventing Plaintiff

2    from engaging in his professional capacity at Wells Fargo and elsewhere and which caused Plaintiff to

3    be terminated from Wells Fargo."  To support malice, the AC alleges that B of A's denial to contest

4    preliminary fraud findings "constitutes a purposeful, reckless and wanton avoidance of the truth, or the

5    product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity

6    of the subject charges."  The AC claims injury to Mr. Jacques' reputation.

7    **DISCUSSION**

8    **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

9    B of A seeks to dismiss Mr. Jacques' defamation claim as privileged under California Civil Code

10   section 47(c) ("section 47(c)") and as lacking facts to support B of A's malice.

11   "When a federal court reviews the sufficiency of a complaint, before the reception of any

12   evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

13   a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

14   claims."  *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development

15   Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

16   a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

17   theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of

18   Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency

19   of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

20   In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

21   the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

22   can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.*, 80

23   F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

24   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead

25   Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

26   assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.

27   Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts

28   that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged."

3

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer

1    more than the mere possibility of misconduct, the complaint has alleged – but it has not

2    "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

3         In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

6    *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

7         Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate

8    the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069

9    (11th Cir. 1984).

10        With these standards in mind, this Court turns to B of A's challenges to the AC's defamation

11   claim.

12                    **Privileged Communication**

13        B of A asserts the section 47(c) privilege as a defense to the AC's defamation claim.

14        "The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d)

15   unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*,

16   40 Cal.4th 683, 720, 151 P.3d 1185 (2007) (internal quotations and citations omitted).

17        Section 47(c) subjects to privilege:

18        . . . a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee.

24        "Thus, if malice is shown, the privilege is not merely overcome; it never arises in the first

25   instance." *Brown v. Kelly Broadcasting Co.*, 48 Cal.3d 711, 723, n. 7, 257 Cal.Rptr. 708 (1989).

26        B of A notes that the AC attributes to B of A only a February 2011 communication to First

27   Advantage in response to Wells Fargo's request for a consumer report.  B of A characterizes its

28   communication as privileged in that it is "of mutual interest" to Wells Fargo and addresses Mr. Jacques'

1  job performance.

2      B of A further attacks absence of malice in connection with B of A's October 2009 fraud

3  investigation and its alleged February 2011 defamatory statement.  B of A points to AC allegations that

4  Mr. Jacques learned of B of A's investigation when Mr. Jacques resigned.  B of A argues that "the

5  allegations of malice [are] unconnected to the communication at issue" and "the facts supporting the

6  malice allegation are simply too tenuous to support a claim that the Bank acted with malice as to a

7  communication over a year later."  B of A concludes that the "allegations of malice pre-date the

8  publication at issue by over a year."[2]  B of A argues that the AC "tries to reach back in time to include

9  alleged improper conduct during an internal investigation and as to investigation results, that occurred

10  over a year before the alleged communication."

11      The parties agree that the section 47(c) privilege is conditioned on an absence of malice.  To

12  support malice, Mr. Jacques focuses on B of A's "refusal to permit Plaintiff an opportunity to review

13  or contest the preliminary findings" and "the minimal or non-existent documentation revealed in

14  Plaintiff's employee file" despite an "internal fraud match" with an assessed "severity" of 100.  Mr.

15  Jacques concludes that the AC's "specific facts" support "a preliminary finding of malice" to overcome

16  dismissal.

17      The gist of the AC's malice claim is that B of A's investigation was so inadequate that it greatly

18  colored or exaggerated the fraud finding.   Malice may arise when "failure to investigate" is fairly

19  characterized as  "the purposeful avoidance of the truth or the product of a deliberate decision not to

20  acquire knowledge of facts that might confirm the probable falsity of the subject charges." *Rosenaur*

21  *v. Scherer,* 88 Cal.App.4th 260, 277, 105 Cal.Rptr.2d 674 (2001) (internal quotations omitted).

22  However, malice " is not measured by whether a reasonably prudent man would have published, or

23  would have investigated before publishing. There must be sufficient evidence to permit the conclusion

24  that the defendant in fact entertained serious doubts as to the truth of his publication.  Lack of due care

25  is not the measure of liability, nor is gross or even extreme negligence." *McCoy v. Hearst Corp.*, 42

26  Cal.3d 835, 860, 231 Cal.Rptr. 518 (1986) (internal quotations and citation omitted).  Thus "mere failure

27
28  _____
       [2]       To the extent B of A argues a limitations time bar, the AC sufficiently alleges the timeliness of the
     defamation claim.

to investigate the truthfulness of a statement, even when a reasonably prudent person would have done so, is insufficient" for malice. *Annette F. v. Sharon S.*, 119 Cal.App.4th 1146,1169, 15 Cal.Rptr.3d 100 (2004).

The AC fails to allege sufficient facts to support malice. The AC lacks facts that B of A purposefully avoided the truth or deliberately decided not to acquire facts to confirm probable falsity. The AC alleges no facts that B of A entertained serious doubts or exaggerated information as to Mr. Jacques' consumer report. The AC rests on allegations which raise inferences that B of A withheld information until the request for Mr. Jacques' consumer report and prevented Mr. Jacques to contest B of A's preliminary findings. Such inferences fail to satisfy malice. In the absence of sufficient facts of malice, B of A is entitled to rely on the section 47(c) privilege. Nonetheless, in an abundance of caution, this Court grants Mr. Jacques a final chance to allege facts to support requisite malice to avoid the section 47(c) privilege.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES the AC with leave to amend;

2.      ORDERS Mr. Jacques, no later than November 21, 2012, to file and serve either: (a) a further amended complaint to cure the deficiencies in the defamation claim; or (b) a statement that Mr. Jacques elects not to attempt to file a further amended complaint to entitle this Court to enter judgment;

3.      ORDERS B of A, no later than December 14, 2012, to file a response to Mr. Jacques' further amended complaint as necessary.

IT IS SO ORDERED.

Dated:   **November 7, 2012**              **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE