IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES, | CASE NO. CV F 12-0821 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT BANK OF AMERICA'S F.R.Civ.P. 12 MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| vs. | (Doc. 41.) |
| BANK OF AMERICA, | |
| Defendant. | |
| _____ / | |

## INTRODUCTION

Sole remaining defendant Bank of America ("B of A") seeks to dismiss plaintiff Troy Jacques' ("Mr. Jacques'") amended defamation claim as privileged and lacking facts to support B of A's malice. Mr. Jacques responds that his operative Second Amended Complaint ("SAC") includes additional allegations to raise no less than inferences to support "his legally cognizable claim for defamation." This Court considered B of A's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the January 15, 2013 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES dismissal of the SAC.

# BACKGROUND[1]

## Mr. Jacques' Employment

B of A employed Mr. Jacques during 2005-2009. In October 2009, Mr. Jacques commenced employment with Wells Fargo.

On February 2, 2011, Wells Fargo ordered from former defendant First Advantage Background Services Corp. ("First Advantage") Mr. Jacques' consumer report and received it on February 24, 2011. The consumer report attributes to B of A claims of an "internal fraud match" occurring on September 29, 2008 with an assessed "severity of 100."

On April 8, 2011, Mr. Jacques received from Wells Fargo a "Pre-Adverse Action Notification" that a decision concerning Mr. Jacques' continued Wells Fargo employment was pending review of the consumer report, which was included in the correspondence to Mr. Jacques. The notification further stated that an adverse employment action may be based on the consumer report and that if Mr. Jacques believed that consumer report information was inaccurate or incomplete, he should contact First Advantage to correct the information.

On April 15, 2011, Wells Fargo notified Mr. Jacques that he was ineligible for continued employment due to consumer report statements furnished by B of A. Mr. Jacques' "reasonable actions" to remove defamatory statements from the consumer report have been "to no avail."

## Malice

The SAC alleges a single defamation claim that defamatory statements in the consumer report "have injured Plaintiff in his reputation" and "in the business community generally." In support of B of A's malice, the SAC alleges:

1. B of A failed to follow its policy, as B of A generally did, to allow employees under investigation for fraud to review and contest preliminary findings;
2. Had B of A complied with the policy, it would have learned that Mr. Jacques engaged in no wrongdoing;
3. Mr. Jacques was not informed of B of A's investigation until he resigned from B of A

---

[1] The factual recitation is derived generally from Mr. Jacques' SAC, the target of B of A's challenges.

2

|   |   |   |
|---|---|---|
| | | to work with Wells Fargo and has not been able to review or contest preliminary findings; |
| | 4. | B of A has not provided an explanation of the investigation process or details; |
| | 5. | B of A's personnel file for Mr. Jacques lacks documents pertaining to the investigation or anything to support an "internal fraud match" with a "severity of 100"; |
| | 6. | B of A's refusal to allow Mr. Jacques to review or contest preliminary findings and B of A's reporting to First Advantage based on incomplete investigation retaliates for Mr. Jacques' accepting employment with Wells Fargo; |
| | 7. | B of A exaggerates information in Mr. Jacques' consumer report, including an "internal fraud match" with a "severity of 100"; |
| | 8. | The "only potential matter that comes to mind" is Mr. Jacques' accessing customer online banking accounts pursuant to express directions of B of A supervisors although such access "was purportedly contrary" to B of A policy; and |
| | 9. | Mr. Jacques and other employees who accessed customer online banking accounts "were terminated as scapegoats" although "managers were not subject to any known disciplinary actions" despite the managers' instruction to access the accounts and receipt of "credit, bonuses or other recognition for the number of accounts opened and accessed in that manner." |

The SAC concludes that based on its conduct, B of A purposefully avoided the truth, entertained serious doubts as to Mr. Jacques' culpability, and deliberately decided not to acquire facts to confirm probable falsity of "the subject charges" and thus lacked a basis to report an "internal fraud match" with a "severity of 100."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

B of A seeks to dismiss this action in the absence of SAC facts to support defamation elements, in particular malice, and to avoid the privilege of California Civil Code section 47(c) ("section 47(c)").

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether

1  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the
2  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development
3  Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either
4  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal
5  theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of
6  Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency
7  of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

8        In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to
9  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff
10 can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80
11 F.3d 336, 337-338 (9thCir. 1996). Nonetheless, a court is not required "to accept as true allegations that
12 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead
13 Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not
14 assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.
15 Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts
16 that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged."
17 *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S.
18 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the
19 complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
20 416 F.3d 940, 946 (9th Cir. 2005).

21       A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires
22 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
23 do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations
24 omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most
25 favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan
26 Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain
27 either direct or inferential allegations respecting all the material elements necessary to sustain recovery
28 under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers,*

4

1  *Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

2  In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

With these standards in mind, this Court turns to B of A's challenges to the SAC's defamation claim.

/ / /

**Privileged Communication**

B of A asserts the section 47(c) privilege as a defense to the SAC's defamation claim.

"The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal.4th 683, 720, 151 P.3d 1185 (2007) (internal quotations and citations omitted).

Section 47(c) subjects to privilege:

> . . . a communication, **without malice**, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. (Bold added.)

"Thus, if malice is shown, the privilege is not merely overcome; it never arises in the first instance." *Brown v. Kelly Broadcasting Co.*, 48 Cal.3d 711, 723, n. 7, 257 Cal.Rptr. 708 (1989).

B of A notes that the SAC attributes to B of A only a February 2011 communication to First Advantage in response to Wells Fargo's request for a consumer report. B of A characterizes its communication as privileged in that it is "of mutual interest" to Wells Fargo and addresses "the job performance or qualification" of an employment applicant.

B of A characterizes the SAC attempts to circumvent the section 47(c) privilege "by providing conclusory language of malice, without any factual support." B of A notes that the SAC's malice allegations "are unrelated to the publication at issue" by reaching back to B of A's October 2009 failure to allow Mr. Jacques to address preliminary fraud findings and thus "pre-date the publication at issue by over a year." B of A faults the malice allegations' reference to B of A's conduct during its investigation in that "the communication that is the subject of the SAC is not an internal Bank investigation conducted while Plaintiff was employed with the Bank." B of A argues that the "allegations of malice [are] unconnected to the communication at issue" and that "facts supporting malice allegation[s] are simply too tenuous and conclusory."

The parties agree that the section 47(c) privilege is conditioned on an absence of malice. To

1    support malice, Mr. Jacques focuses on SAC allegations that B of A failed to follow its policy to allow
2    Mr. Jacques to contest preliminary fraud findings, that Mr. Jacques' personnel file lacked documents to
3    support a severe fraud finding, and that Mr. Jacques was made a scapegoat for managers' wrongs. Mr.
4    Jacques argues that the SAC raises inferences that B of A deliberately failed to investigate to avoid the
5    truth and in turn exaggerated findings to result in an inaccurate consumer report.

6    Malice may arise when "failure to investigate" is fairly characterized as "the purposeful
7    avoidance of the truth or the product of a deliberate decision not to acquire knowledge of facts that might
8    confirm the probable falsity of the subject charges." *Rosenaur v. Scherer*, 88 Cal.App.4th 260, 277, 105
9    Cal.Rptr.2d 674 (2001) (internal quotations omitted). Malice arises with "a reckless or wanton disregard
10   for the truth, so as to reasonably imply a wilful disregard for or avoidance of accuracy." *Roemer v.*
11   *Retail Credit Co.*, 3 Cal.App.3d 368, 372, 83 Cal.Rptr. 540 (1970). "[R]eckless disregard for the truth
12   may be evidenced in part by failure to investigate thoroughly and verify the facts. *Widener v. Pacific*
13   *Gas & Electric Co.*, 75 Cal.App.3d 415, 434, 142 Cal.Rptr. 304 (1977), *cert. denied,* 436 U.S. 918, 98
14   S.Ct. 2265 (1978).

15   However, malice " is not measured by whether a reasonably prudent man would have published,
16   or would have investigated before publishing. There must be sufficient evidence to permit the conclusion
17   that the defendant in fact entertained serious doubts as to the truth of his publication. Lack of due care
18   is not the measure of liability, nor is gross or even extreme negligence." *McCoy v. Hearst Corp.*, 42
19   Cal.3d 835, 860, 231 Cal.Rptr. 518 (1986) (internal quotations and citation omitted). Thus, "mere failure
20   to investigate the truthfulness of a statement, even when a reasonably prudent person would have done
21   so, is insufficient" for malice. *Annette F. v. Sharon S.*, 119 Cal.App.4th 1146,1169, 15 Cal.Rptr.3d 100
22   (2004).

23   The SAC includes facts, which considered in total, raise inferences of B of A's malice to support
24   a plausible defamation claim. The SAC suggests that B of A communicated information to damage Mr.
25   Jacques' reputation in circumstances where it would not have done so without input from a former
26   employee, such as Mr. Jacques, or to cover up for managers' wrongs. The SAC alleges facts of an
27   ignored B of A policy, failure to permit Mr. Jacques to respond to preliminary findings, a depleted
28   personnel file, and a potential embarrassing B of A policy violation by managers. Although none of the

individual SAC claims may support malice, taken together, they raise inferences that B of A conducted an inadequate investigation to avoid purposefully the truth or exaggerated investigation results to scapegoat Mr. Jacques. The SAC raises inferences that B of A entertained or should have entertained doubts as to the results of purported findings. Mr. Jacques bears the burden to present facts to support his claims.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES B of A's F.R.Civ.P. 12(b)(6) motion to dismiss and ORDERS B of A, no later than January 31, 2013, to file and serve an answer to the SAC.

IT IS SO ORDERED.

Dated:   **January 9, 2013**              /s/  Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE