DOUGLAS TUCKER 172550
HENRY Y. CHIU 222927
MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 North Palm, Suite 205
Fresno, California 93704
Telephone: (559) 472-9922
Facsimile: (559) 472-9892

Attorneys for **Plaintiff,**
**TROY JACQUES**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

* * *

| | |
|---|---|
| TROY JACQUES,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, aka BANK OF AMERICA N.A.; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation; EARLY WARNING SERVICES, LLC, a limited liability company, and DOES 1 through 50,<br><br>    Defendant. | Case No.: **1:12-cv-00821-LJO-DLB**<br><br>**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TROY JACQUES ("Jacques") alleges the following against Defendant BANK OF AMERICA CORPORATION, aka BANK OF AMERICA N.A. ("Bank of America") and DOES 1 through 50, inclusive (collectively as "Defendants"):

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all material times was, an individual residing within Fresno County, California.

2. Plaintiff is informed and believes and thereon alleges that Defendant BANK OF AMERICA CORPORATION is a Delaware corporation doing business in California.

///

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

1

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities once they are ascertained.

4. On or about December 5, 2005, Plaintiff was employed by Bank of America. While employed by Bank of America, Plaintiff received several awards and exemplary evaluations for his work. Subsequent to Plaintiff's employment with Bank of America, Plaintiff was hired by independent party Wells Fargo, and was employed by Wells Fargo beginning October 8, 2009 through April 15, 2011.

5. On or about April 8, 2011, Plaintiff received a "Pre-Adverse Action Notification" from Wells Fargo, in which he was informed that a decision concerning his continued employment at Wells Fargo was pending review of Plaintiff's consumer report. The letter further states that an adverse employment action may be based on the consumer report, and that should Plaintiff believe that any of the information contained in the report to be inaccurate or incomplete, he should contact First Advantage in order for the corrected information to be reviewed prior to Wells Fargo taking employment decision based on the reported information.

6. Wells Fargo forwarded a copy of the First Advantage consumer report to Plaintiff with the April 8, 2011 letter. Wells Fargo ordered the report on February 2, 2011, and received the report on February 24, 2011. The consumer report publishes highly defamatory allegations made by Defendant Bank of America that there was an "internal fraud match." The report indicates that the alleged "internal fraud match" incident occurred on September 29, 2008, and had a "severity" of 100.

7. On or about April 15, 2011, Plaintiff received a notification from Wells Fargo that he would no longer be eligible for employment due to the defamatory statements contained in the consumer report that Wells Fargo had received from First Advantage, based on the defamatory statements contained in the report furnished by Bank of America.

///

///

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

2

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

8. Subsequently, Plaintiff engaged in reasonable actions to remove the defamatory statements made by Bank of America, First Advantage, and Early Warning Services, to no avail. Defendants refused to remove the defamatory statements from the credit report.

9. Plaintiff has made several attempts to resolve the matter with Bank of America, First Advantage, and Early Warning Services. Each of the defendants and every one of them refuse to correct the false information reported about Plaintiff.

## **MALICE**

10. Plaintiff is informed and believes, and thereon alleges that, as part of its investigative process, Bank of America has a policy of permitting employees under investigation for fraud or other alleged wrongdoing to review and contest any allegations or preliminary findings of such conduct so that Bank of America could arrive at the truth of the matter, and generally conducted its investigations according to said policy. Plaintiff is further informed and believes, and thereon alleges, that Bank of America's failure to do so here, especially on matters as severe as those alleged herein, constitutes a purposeful, reckless and wanton avoidance of the truth, or the product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of the subject charges.

11. Specifically, if Bank of America had complied with its own policy of permitting employees to review and contest the allegations and preliminary findings against them – which Plaintiff believes Bank of America did with respect to other employees – Bank of America would have learned that Plaintiff did not engage in any wrongdoing whatsoever, and that there was no basis for an "internal fraud match," much less one with an alleged "severity" of "100" (which Plaintiff is informed and believes is the strongest severity). Bank of America's purposeful avoidance of the truth and deliberate decision not to acquire facts that might confirm the probable falsity of the subject charges (e.g., by permitting Plaintiff an opportunity to respond to them) constitutes malice during the investigation process, and in Bank of America's report of an incomplete investigation and defective finding to First Advantage and Early Warning Services.

///

///

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA  93704

3

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

12. With respect to these particular circumstances, Plaintiff was not informed of any alleged investigation by Bank of America into his purported conduct until the day that he tendered his resignation to Bank of America in order to commence employment with Wells Fargo. He was not provided any explanation of the investigation process, or any details concerning the particular investigation. Plaintiff was also not given any opportunity to review or contest any preliminary findings arising from the alleged investigation. Instead, upon him informing the supervisor with whom he was meeting that he intended to commence employment with Wells Fargo, said supervisor summarily terminated the meeting, and did not attempt to contact Plaintiff afterward with respect to the alleged investigation.

13. Plaintiff did not learn of Bank of America's finalization of the alleged preliminary findings, or of the subsequent publication/republication of said findings, until he had been employed by Wells Fargo for some time.

14. Upon receiving the "Pre-Adverse Action Notification" from Wells Fargo, Plaintiff requested a copy of his complete employee personnel file from Bank of America. Plaintiff reviewed said file upon receiving it. It did not include: any documents pertaining to the alleged investigation, including, but not limited to, any witness statements, other evidence, preliminary findings, final reports or transmittals to First Advantage or Early Warning Services; anything else that would support any allegation of an "internal fraud match" with a "severity" of "100"; or any request from Bank of America to First Advantage or Early Warning Systems to categorize Plaintiff's alleged conduct as fraud, or assign it a severity of 100.

15. With respect to Bank of America, Plaintiff is informed and believes, and thereon alleges, that the refusal of Bank of America, or employees acting on behalf of Bank of America, to permit Plaintiff to review or contest the alleged preliminary findings of fraud, the alleged final determination of the same notwithstanding the incomplete investigation, and the subsequent reporting to First Advantage and Early Warning Systems based upon the incomplete investigation, was in response to, or in retaliation for, Plaintiff's decision to accept employment with Wells Fargo, and an intentional and malicious attempt to interfere with Plaintiff's ability to earn a livelihood with Wells Fargo or other employers.

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

4

THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL

16. Based upon the contents of his employee personnel file – and more notably, the absence of content – Plaintiff is further informed and believes, and thereon alleges, that Bank of America entertained serious doubts as to his alleged culpability. Specifically, the employee personnel file provided by Bank of America to him (which was purportedly a complete record of his employment) did not include any information whatsoever concerning Plaintiff's alleged wrongdoing. Plaintiff is further informed and believes, and thereon alleges, that if Bank of America had no serious doubts as to his alleged culpability, it would have included information in his employee personnel file concerning the alleged wrongdoing and culpability.

17. Plaintiff is further informed and believes, and thereon alleges, that Bank of America exaggerated information as to his consumer report. Specifically, his personnel file contained no information whatsoever concerning any alleged wrongdoing or culpability on his part. Plaintiff therefore presumably did nothing wrong, or at the worst, committed a wrongdoing of such insignificance that it was not worth noting in his employee personnel file. Bank of America's report of an "internal fraud match" with a "severity" of "100" (which Plaintiff is informed and believes is the strongest severity) therefore represents an exaggeration, if not outright fabrication, of an alleged wrongdoing on Plaintiff's part.

18. The only potential matter that comes to mind is Plaintiff's access of customers' online banking accounts pursuant to the directions of his supervisors at Bank of America. To the extent Bank of America's allegations of an "internal fraud match" arise from said access, Plaintiff specifically alleges the following: Regional and branch managers of Bank of America expressly instructed employees, including Plaintiff, to access customers' online banking accounts so that the branches would receive credit for the account openings. Plaintiff and other employees did so pursuant to said instructions. However, Plaintiff first disclosed said access to customers and receiving their consent for him to do so. Plaintiff received no benefit from said access, but is informed and believes, and thereon alleges, that the regional and branch managers received credit, bonuses or other recognition for the number of accounts opened and accessed in that manner. Plaintiff and other employees subsequently learned that said access was purportedly contrary to Bank of America's corporate policies. Said employees, including Plaintiff, were

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

5

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

terminated as scapegoats for said conduct, while the managers were not subject to any known disciplinary actions – even though it was the managers who expressly instructed the employees to access the accounts in the first place. Plaintiff contends that said termination, scapegoating and subsequent report to First Advantage and Early Warning Systems further constitute malice on the part of Bank of America.[1]

## FIRST CAUSE OF ACTION

### (Defamation)

Plaintiff alleges against Defendants Bank of America and DOES 1 through 50, inclusive, as follows:

19. Plaintiff incorporates the allegations of paragraphs 1 through 18 by reference as if set forth fully herein.

20. During and subsequent to Plaintiff's employment with Defendant Bank of America, Bank of America made statements about Plaintiff of a false and defamatory nature and in a malicious manner, thereby disparaging Plaintiff and preventing Plaintiff from engaging in his professional capacity at Wells Fargo and elsewhere and which caused Plaintiff to be terminated from Wells Fargo.

21. Subsequent to Plaintiff's employment with Defendant Bank of America, Bank of America caused to be published and/or republished such false and defamatory statements about Plaintiff, thereby causing Plaintiff damage.

22. Defendant Bank of America published the defamatory publication to Defendants knowing that subsequent republication was reasonably foreseeable.

23. As more fully alleged above, these false and defamatory statements include but are not limited to an allegation that Plaintiff committed fraud.

---

[1] It is difficult for Plaintiff to allege specificities concerning malice on the part of Bank of America at this time, due to the lack of information within Plaintiff's allegedly complete employee personnel file To the extent any additional specificity is required, Plaintiff respectfully requests that the Court permit him to conduct limited discovery concerning the same. *See*, *e.g.*, *Herman v. YellowPages.com, LLC*, 780 F.Supp.2d 1028, 1036 (S.D. Cal. 2011) (Court has discretion to permit discovery to aid in determining whether it has personal jurisdiction); *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968) (Court has discretion to permit discovery with respect to a motion to dismiss on the basis of venue).

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

6

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

24. Each of the defamatory statements made, and/or published by Defendants about Plaintiff were made with express malice, in bad faith, without belief in the truth of the matter published, and or with reckless disregard of the truth or falsity of the matter stated.

25. Each of these statements harmed Plaintiff's reputation among his colleagues employed at Wells Fargo, and in the general business community and deterred other third parties from associating, dealing, and employing or continuing employment of Plaintiff.

26. Each of the defamatory statements was also defamatory per se because the statements ascribe characteristics of Plaintiff which are incompatible with the proper conduct of Plaintiff's business and profession. The defamatory statements have injured Plaintiff in his reputation and continue to injure Plaintiff and his reputation among his former colleagues and in the business community generally.

27. It is reasonably foreseeable Defendants' published allegation that Plaintiff committed fraud would cause Plaintiff damage. As a proximate result of the publication of false and defamatory statements by Defendants, Plaintiff has suffered and continues to suffer substantial damages.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

Plaintiff alleges against Defendants Bank of America and DOES 1 through 50, inclusive, as follows:

28. Plaintiff incorporates the allegations of paragraphs 1 through 18 by reference as if set forth fully herein.

29. Defendants' conduct was: intentional and malicious, and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress; and/or done with a wanton and reckless disregard of the consequences to Plaintiff.

30. As a direct and proximate result of the acts alleged above, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, including, but not limited to: humiliation concerning the false accusations published against him; and fear and uncertainty concerning Plaintiff's future job prospects, whether in his chosen profession or another.

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

7

THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL

31. Furthermore, by reasons of the acts alleged above, Plaintiff has been prevented from attending to his usual occupation, or any occupation that requires a degree of trust, and thereby lost earnings. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from attending to said occupations for a period in the future which Plaintiff cannot ascertain, and will thereby sustain further loss of earnings.

### THIRD CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

Plaintiff alleges against Defendants Bank of America and DOES 1 through 50, inclusive, as follows:

32. Plaintiff incorporates the allegations of paragraphs 1 through 18 by reference as if set forth fully herein.

33. Defendants knew, or should have known, that their failure to exercise due care in the performance of the acts alleged above would cause Plaintiff severe emotional distress.

34. As a direct and proximate result of the acts alleged above, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, including, but not limited to: humiliation concerning the false accusations published against him; and fear and uncertainty concerning Plaintiff's future job prospects, whether in his chosen profession or another.

35. Furthermore, by reasons of the acts alleged above, Plaintiff has been prevented from attending to his usual occupation, or any occupation that requires a degree of trust, and thereby lost earnings. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from attending to said occupations for a period in the future which Plaintiff cannot ascertain, and will thereby sustain further loss of earnings.

### FOURTH CAUSE OF ACTION

### (Permanent Injunction)

Plaintiff alleges against Defendants Bank of America and DOES 1 through 50, inclusive, as follows:

36. Plaintiff incorporates the allegations of paragraphs 1 through 18 by reference as if set forth fully herein.

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

8

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

37. Defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff, as Plaintiff will be unable to attend to his usual occupation, or any occupation that requires a degree of trust, so long as Defendants' defamatory statements continue to be published and republished.

38. Plaintiff has no adequate remedy at law for said injury, as it will be impossible for Plaintiff to determine the precise amount of damage that he will suffer if Defendants' conduct is not restrained, or if Plaintiff is forced to initiate a multiplicity of suits to address each publication or republication of the above statements.

**WHEREFORE**, Plaintiff prays for judgment as follows, in amounts according to proof:

1. For damages in excess of the jurisdictional minimum in an amount according to proof at trial, including, but not limited to: humiliation, mental anguish, and emotional and physical distress; and lost earnings, past and future, according to proof;

2. For punitive damages;

3. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

4. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them:

    a. to retract all statements concerning Plaintiff's alleged "internal fraud match," with a "severity" of "100," or any other alleged severity, with First Advantage Background Services Corp., Early Warning Services LLC, and all other credit/consumer reporting agencies that may now or later publish such allegations, or similar allegations, against Plaintiff;

    b. to prepare a written formal acknowledgment for Plaintiff, on Defendants' official stationary, acknowledging that said allegations: are unfounded, and have been retracted in their entireties;

///

///

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA 93704

9

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**

        c.    in the event Defendants are contacted by employers or potential employers of Plaintiff in the future, to inform said employers or potential employers, in writing, that said allegations: are unfounded; and have been retracted in their entireties; and

        d.    to cease, and refrain from, any publication of said allegations, or similar allegations, now and in the future.

5. For pre-judgment interest and post-judgment interest at the maximum legal rate;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

Dated: April 4, 2013.        MOSS, TUCKER, CHIU, HEBESHA & WARD PC

By: */s/ Douglas Tucker*
DOUGLAS TUCKER
Attorneys for Plaintiff

Plaintiff TROY JACQUES hereby respectfully requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: April 4, 2013.        MOSS, TUCKER, CHIU, HEBESHA & WARD PC

By: */s/ Douglas Tucker*
DOUGLAS TUCKER
Attorneys for Plaintiff

12253.00-PLDG-Third Amended Complaint

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., #205
FRESNO, CA  93704

10

**THIRD AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PERMANENT INJUNCTION • DEMAND FOR JURY TRIAL**