# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>  Defendants. | Case No.  1:12-cv-00821-LJO-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ECF NO. 107, 119 |

   On December 18, 2014, the magistrate judge assigned to this action issued a Findings and Recommendations recommending that Defendant Early Warning Services, LLC's ("Early Warning") motion to dismiss be granted.  (ECF No. 119.)  The Findings and Recommendations contained notice that any objections were to be filed within fourteen (14) days.  On December 31, 2014, Plaintiff Troy Jacques ("Plaintiff") filed objections to the Findings and Recommendations.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case.

   The Findings and Recommendations identified three grounds to dismiss Plaintiff's claims against Early Warning.  First, the Court found that Plaintiff's claims against Early Warning were barred by Federal Rule of Civil Procedure 41(a)(1)(B).  Second, the Court found that Plaintiff's

1  claims against Early Warning were barred by the statute of limitations. Third, the Court found
2  that Plaintiff's blacklisting claim (Cal. Labor Code § 1050, et seq.), defamation claim, negligent
3  infliction of emotional distress claim, tortious interference with contract claim, and Fair Credit
4  Reporting Act claim failed to state a claim. Finally, the Court found that Plaintiff was not
5  entitled to leave to amend.

6  For the reasons set forth below, the magistrate judge's Findings and Recommendations
7  are supported by the record and by proper analysis.

8      **A.**     **Federal Rule of Civil Procedure 41(a)(1)(B)**

9  As set forth in more detail in the Findings and Recommendations, Federal Rule of Civil
10 Procedure 41(a)(1)(B) states that, if a plaintiff voluntarily dismisses the same claim against a
11 defendant twice, the second voluntary dismissal operates as an adjudication upon the merits. See
12 Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1080 (9th Cir.
13 1999). The magistrate judge noted that Plaintiff previously dismissed his claims against Early
14 Warning twice, first on October 26, 2012 and then again on November 28, 2012. (See ECF Nos.
15 32, 33, 40.)

16 Plaintiff argues that there was only one voluntary dismissal because the second voluntary
17 dismissal was not actually a dismissal, it was simply "a voluntary dismissal of the same claim
18 made to make clear that Early Warning was not intended to be a party although named in the
19 continuing caption." Plaintiff's attempt to rewrite history is unpersuasive. The Second
20 Amended Complaint clearly reasserted claims against Early Warning and named Early Warning
21 as a defendant. Plaintiff's November 28, 2012 filing was clearly labeled a "Notice of Voluntary
22 Dismissal Early Warning Services, LLC and First Advantage Background Services Corp. Only."
23 (ECF No. 40.) Nowhere in that filing did Plaintiff indicate that the inclusion of Early Warning in
24 the Second Amended Complaint was unintended.

25 Plaintiff also contends that, although Early Warning was named as a defendant in the
26 Second Amended Complaint filed on November 21, 2012, that claim was invalid because the
27 Second Amended Complaint had no "legal effect" because Plaintiff did not obtain leave of court
28 or consent of the other parties to file the Second Amended Complaint. Plaintiff's argument is

factually incorrect, as the Court granted Plaintiff leave to file a Second Amended Complaint on November 7, 2012.  (See ECF No. 38.)

Alternatively, Plaintiff argues that the claims brought against Early Warning in the Fifth Amended Complaint are new claims unrelated to the claims that were voluntarily dismissed.  Plaintiff's argument is unpersuasive.  Rule 41(a)(1)(B) operates as an adjudication upon the merits of the defamation claim raised in the Second Amended Complaint.  The defamation claim and related claims in the Fifth Amended Complaint are "based on" the same facts alleged in the Second Amended Complaint.  Accordingly, those claims are barred.

### B.     Statute of Limitations

The magistrate judge found that Plaintiff's claims against Early Warning would be barred by the statute of limitations because the conduct at issue took place in April 2011, the Fifth Amended Complaint was filed on September 3, 2014, and the relevant statute of limitations for Plaintiff's claims are either one or two years long.

Plaintiff argues that the magistrate judge erred because the relation back doctrine applies to save Plaintiff's claims against Early Warning.  Plaintiff argues that Early Warning was named as a Doe defendant in the original complaint and, under California law, the complaint may be amended to substitute the Doe defendant's true name if Plaintiff was ignorant of the facts giving rise to a cause of action against that defendant.  See Parker v. Robert E. McKee, Inc., 3 Cal. App. 4th 512, 516 (1992).

However, the magistrate judge properly concluded that relation back did not apply because Plaintiff was not ignorant of the facts giving rise to a cause of action against Early Warning because Plaintiff actually raised a cause of action against Early Warning in the original complaint.  Plaintiff argues that the cause of action raised against Early Warning in the prior complaints are distinguishable from the cause of action raised in the Fifth Amended Complaint because the prior claims were premised on Early Warning acting as a republisher of defamatory statements whereas the "new" claims are premised on Early Warning acting as an "originator" of defamatory statements.  Again, Plaintiff's attempt to re-write history in his favor is unpersuasive.  In the First Cause of Action in the original complaint, Plaintiff clearly alleged that "Early

1 Warning Services caused to be **published** and/or republished such false and defamatory statements about Plaintiff...." (Compl. ¶ 14 (emphasis added).) Thus, the claim raised in the Fifth Amended Complaint is the same claim raised in the original complaint.

Plaintiff also argues that Early Warning did not meet its burden of proving Plaintiff's actual knowledge of the relevant facts. The Court disagrees, as the allegations in the prior pleadings are sufficient to establish Plaintiff's knowledge of Early Warning's part in the allegedly defamatory acts.

Finally, Plaintiff argues that the "single publication rule" does not apply, meaning that Early Warning's defamatory actions which occurred in 2014 could form the basis of a new claim asserted in the Fifth Amended Complaint. Plaintiff's theory fails because Plaintiff's Fifth Amended Complaint treated Early Warning's report as a single publication and made no attempt to distinguish between publications which occurred during Plaintiff's employment at Bank of America and later publications by Early Warning in 2014. The Fifth Amended Complaint raised a single cause of action for defamation for Early Warning's report. Accordingly, the Fifth Amended Complaint does not raise a defamation claim based upon Plaintiff's theory that publications in 2014 are separate and distinct from the publications which Early Warning issued earlier.

**C.   Plaintiff's Claims**

Plaintiff argues that the magistrate judge erred in finding that the Fifth Amended Complaint failed to state a blacklisting claim (Cal. Labor Code § 1050, et seq.), defamation claim, negligent infliction of emotional distress claim, tortious interference with contract claim, and Fair Credit Reporting Act claim.

1.   Blacklisting Claim

Plaintiff contends that the magistrate judge erred in concluding that Plaintiff's blacklisting claim under California Labor Code § 1050 failed to state a claim. Specifically, Plaintiff disputes the magistrate judge's finding that Section 1050 only applies to blacklisting committed by an employer against a former employee.

Section 1050 states:

> Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor.

Cal. Labor Code § 1050.

Plaintiff argues that Section 1050 authorizes a plaintiff to sue a non-employer for blacklisting. Plaintiff's argument has no merit. Section 1050 may apply to Early Warning, but, by its plain terms, it does not apply to the conduct alleged in Plaintiff's complaint. Plaintiff was not an employee discharged from Early Warning's service. Plaintiff was an employee discharged from Bank of America's service.

Plaintiff argues that the reference to "such service" could be interpreted to apply to "such service" of "any person," somehow expanding the scope of Section 1050 to apply to scenarios involving non-employers. Plaintiff's strained reading has no merit as it is utterly incompatible with a plain reading of Section 1050. The phrase "such service" clearly refers to the service referred to earlier in the statute, namely the employment relationship between the "any person" and the plaintiff. Since there was never any employment relationship between Early Warning and Plaintiff, the statute does not apply.

Moreover, even accepting Plaintiff's interpretation, the phrase "such service" appears in context of the clause regarding "an employee [who] has voluntarily left such service." Plaintiff's interpretation still would not apply to the facts alleged in the Fifth Amended Complaint because the Fifth Amended Complaint does not allege that Plaintiff voluntarily left any service—Plaintiff was fired from employment with Bank of America. Accordingly, Plaintiff fails to state any cognizable claims under Section 1050 against Early Warning.

2. Defamation Claim

Plaintiff contends the magistrate judge erred in concluding that Plaintiff's defamation claim failed to state a claim. Specifically, Plaintiff argues that he alleged sufficient facts to support the conclusion that Early Warning published the defamatory reports and Early Warning's communications were not privileged.

/ / /

The magistrate judge noted that the Fifth Amended Complaint fails to allege who, if anyone, received Early Warning's report. Since the Fifth Amended Complaint failed to identify any recipient of the allegedly defamatory report, the complaint failed to establish the two elements of a defamation claim, publication and unprivileged communication. Notably, Plaintiff's objections do not identify any recipient of Early Warning's communications. Accordingly, neither the complaint nor the objections identify facts which show publication or an unprivileged communication.

Moreover, the magistrate judge noted that the Fifth Amended Complaint was vague as to the precise content of any report from Early Warning. The Court noted that this was particularly significant in light of the fact that Bank of America accused Plaintiff of committing fraudulent activities. If Early Warning's report merely stated that Plaintiff had been accused of fraudulent activities by Bank of America, Early Warning's report was not defamatory because that statement was true. Nothing in the complaint supports the conclusion that Early Warning knew or had reason to know that Bank of America's reports were false. The Court notes that this lawsuit has been ongoing for two and a half years, and Plaintiff's Fifth Amended Complaint is still devoid of facts regarding what, exactly, Early Warning stated in their allegedly defamatory report. Plaintiff fails to state any cognizable claims for defamation against Early Warning.

### 3. Negligent Infliction of Emotional Distress Claim

Plaintiff contends the magistrate judge erred in dismissing his claim for negligent infliction of emotional distress. Plaintiff's objections cite no case which recognizes the existence of a legal duty pertaining to the conduct at issue separate and distinct from the duty to not commit defamation. Accordingly, Plaintiff's negligence claim fails.

### 4. Tortious Interference with Contract Claim

Plaintiff contends the magistrate judge erred in dismissing his claim for tortious interference with contract. Plaintiff's argument is premised upon his argument that the complaint states a cognizable claim for defamation. Since the Court finds that the complaint does not state a cognizable claim for defamation, Plaintiff's claim for tortious interference with contract also fails.

5. <u>Fair Credit Reporting Act Claim</u>

Plaintiff contends the magistrate judge erred in dismissing his claim under the Fair Credit Reporting Act ("FCRA"). The magistrate judge dismissed this claim because the Fifth Amended Complaint does not include allegations which support the conclusion that Early Warning was a "furnisher" of information within the meaning of the FCRA. The complaint merely alleged that Early Warning was involved in the publication of a security report regarding Plaintiff. Notably, nothing in the complaint suggested that Early Warning's reports regarding Plaintiff included any credit information or that the reports were furnished to any credit reporting agencies. Nothing in the objections filed by Plaintiff challenges this finding. Accordingly, the Court finds that Plaintiff failed to state a claim under the FCRA.

### D. Dismissal Without Leave to Amend

Plaintiff challenges the magistrate judge's finding that Plaintiff's claims against Early Warning should be dismissed without leave to amend. The magistrate judge found that leave to amend would be futile since the claims against Early Warning are barred by Federal Rule of Civil Procedure 41(a) and the statute of limitations. As discussed above, the Court agrees that leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that:

1. Defendant Early Warning's motion to dismiss is GRANTED; and
2. Plaintiff's claims against Early Warning are DISMISSED, without leave to amend.

IT IS SO ORDERED.

Dated:   **January 15, 2015**            /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE

7