# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00821-SAB<br><br>ORDER DENYING PARTIES REQUEST TO FILE DOCUMENTS UNDER SEAL WITHOUT PREJUDICE<br><br>(ECF Nos. 154, 164)<br><br>FOURTEEN DAY DEADLINE |

On June 27, 2016, Defendant Bank of America filed a motion for summary judgment and the instant motion to seal. (ECF Nos. 145-154.) On July 18, 2016, Plaintiff Troy Jacques filed a notice of joinder in Defendant's request to seal. (ECF No. 164.)

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana,

1  447 F.3d at 1179.

2      The party seeking to have the document sealed must present "articulable facts"
3  identifying the interests that favor secrecy and show that these specific interests overcome the
4  presumption of access because they outweigh the public's interest in understanding the judicial
5  process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of
6  access to public records and then considers whether the party seeking to have the record sealed
7  has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires
8  the Court to conscientiously balance the competing interests of the public in accessing the
9  records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to
10 "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id.
11 (citations omitted).

12     The parties move to seal documents on the ground that they generally relate to
13 Defendants' confidential investigation practices, Defendant's internal policies and procedures,
14 and the operating rules of a third-party. Defendant argues that failure to seal these documents
15 could result in harm to the parties to this action and entities that are not parties in this litigation.

16     Defendant seeks to seal exhibits to depositions of Plaintiff, Laura White, Rai Otero, and
17 Kim Norton arguing they relate to the confidential fraud investigation of unauthorized access
18 into customer's online accounts. Defendant argues that the documents contain confidential and
19 commercially sensitive information relating to Defendant's internal fraud investigation
20 procedures. Defendant asserts that these documents are not available to the public or
21 Defendant's employees outside of the claims and investigation department. Defendant contends
22 that if disclosed these internal fraud policies could be misused by third parties and cause
23 Defendant to suffer competitive harm or financial loss. However, "[s]imply mentioning a
24 general category of privilege, without any further elaboration or any specific linkage with the
25 documents, does not satisfy the burden" to show compelling reasons to seal the documents.
26 Kamakana, 447 F.3d at 1184.

27     Plaintiff joins in Defendant's request to seal and submits numerous documents without
28 any discussion of why any document is entitled to be filed under seal. The Court finds that the

1 parties have not demonstrated that compelling reasons exist to seal the documents in this
2 instance.

3 　　　First, the fact that a party designates a document as confidential does not demonstrate
4 good cause, much less a compelling reason outweighing the public interest in accessing the
5 records. Many of the documents submitted appear to be part of the file into the investigation of
6 the alleged unauthorized access of client accounts. Defendant has not set forth any reason, and
7 the Court cannot find, that the disclosure of these documents themselves would "open the door to
8 misuse of Defendant's internal fraud policies" or cause Defendant to suffer competitive harm or
9 financial loss." The fact that the document was part of the investigative file is not sufficient by
10 itself to disclose Defendant's internal fraud policy.

11 　　　For example, Plaintiff seeks to seal a letter from Defendant informing him that the
12 investigation is complete and his record will be retained by Early Warning Systems. (Notice of
13 Joinder of Defendant's Request to Seal Documents, Exhibit D:1.) This document includes no
14 discussion of Defendant's policy and the Court finds no compelling reason to seal this document.
15 Additionally, Defendant seeks to seal the written statement of Plaintiff regarding his access of
16 client accounts, but sets forth no facts to establish that any proprietary information is included in
17 Plaintiff's statement. More than a general assertion is required to meet the burden of showing
18 that a compelling reason exists to seal records. Similarly, Defendant seeks to seal the applicant
19 acknowledgement form signed by Plaintiff when he applied with Bank of America. Defendant's
20 argument that this is part of the fraud investigation does not articulate how the public release of
21 this document will cause Defendant to suffer competitive harm or financial loss.

22 　　　Finally, the parties seek to file documents from third party, Early Warning System, under
23 seal stating that confidential business information should be sealed to protect against unfair
24 market advantage, however no facts are presented by which the Court can find that such
25 documents are actually confidential business information or any unfair market advantage would
26 occur if they were publically filed in this action.

27 　　　The Court finds that the parties have not presented "articulable facts" identifying the
28 interests that favor secrecy and have not shown that these specific interests overcome the

presumption of access because they outweigh the public's interest in understanding the judicial process.  <u>Kamakana</u>, 447 F.3d at 1180.  The Court recognizes that the parties may be able to assert a compelling reason to file some of the documents under seal; and therefore, the request shall be denied without prejudice.  Any further motion to file documents under seal must set forth "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process.  <u>Kamakana</u>, 447 F.3d at 1180.

The Court also notes that Defendant request to seal customer activation spreadsheets that include personal information of customers and their e-mail addresses.  However, the exhibit provided to the Court does not contain customer information or e-mail addresses, but appears to be a list of associates and indicates whether the employee was terminated.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's request to seal exhibits in support of its motion for summary judgment and Plaintiff's notice of joinder of Defendant's request to seal are DENIED WITHOUT PREJUDICE; and

2. If the parties want the Court to consider the documents included in the request to seal in deciding the instant motion, within fourteen (14) days from the date of entry of this order, they shall file a motion to seal addressing the compelling reason to seal each document which is requested to be filed under seal; or file the documents as an addendum to the motion for summary judgment or opposition to motion for summary judgment.

IT IS SO ORDERED.

Dated:  **July 27, 2016**                                 _____
                                                           UNITED STATES MAGISTRATE JUDGE