# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>          Defendants. | Case No.  1:12-cv-00821-SAB<br><br>ORDER DENYING REQUEST TO SEAL AND REQUIRING PARTIES TO FILE EXHIBITS BY AUGUST 22, 2016<br><br>(ECF No. 175) |

On July 28, 2016, the Court denied the parties request to file documents related to Defendant's motion for summary judgment under seal without prejudice. (ECF No. 171.) On August 15, 2016, Defendants filed a renewed request to seal, a declaration in support of the motion for summary and a corrected declaration of Kim Norton. (ECF Nos. 175-178.)

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).  Since

1 resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." <u>Kamakana</u>, 447 F.3d at 1179.

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. <u>Kamakana</u>, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. <u>Id.</u> at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret. <u>Id.</u> at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Id.</u> (citations omitted).

Defendant moves to seal documents on the ground that they "generally relate[] to private information of customers, former and current employees, Defendant's internal policies, and procedures and operating rules of a third-party." (ECF No. 154 at ¶ 2.) Defendant asserts that if the documents "are not filed under seal, the public disclosure of highly sensitive information contained in them could result in harm to Plaintiff, Defendant, and entities not a party to this litigation." (<u>Id.</u> at ¶ 3.) As stated in the prior order denying the request to seal, " '[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden' to show compelling reasons to seal the documents." (ECF No. 171 at 2 (quoting <u>Kamakana</u>, 447 F.3d at 1184).)

On August 5, 2016, when the Court denied the parties request to file documents under seal without prejudice, the parties were advised that "[a]ny further motion to file documents under seal must set forth 'articulable facts' identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process." (Order Denying Parties Request to File

1  Documents Under Seal Without Prejudice 4:4-7, ECF No. 171.)  The order provided that any
2  renewed motion to seal must address the compelling reasons to seal each document which is
3  requested to be sealed.  (ECF No. 171 at 4:16-21.)  The current motion to seal provides no
4  analysis from which the Court finds a compelling reason to seal the documents at issue here.

5       As with the prior motion to seal, the parties have not presented any articulable facts
6  identifying the interests that favor secrecy and have not shown that these specific interests
7  overcome the presumption of privilege because they outweigh the public's interest in
8  understanding the judicial process.  Kamakana, 447 F.3d at 1180.  Defendant's motion to file
9  documents under seal shall be denied.

10      On August 19, 2016, oral argument on Defendant's motion for summary judgment was
11 heard in which the parties assumed that the Court would file the documents in the public record.
12 As addressed in the July 28, 2016 order, the Court does not file documents for which it denies a
13 request to seal.  It is up to the parties to determine if they wish to file the documents in the public
14 record or withdraw them from consideration.

15      Accordingly, IT IS HEREBY ORDERED that:

16   1.   Defendant's renewed request to seal documents is DENIED; and

17   2.   Any documents which the parties wish to have considered in deciding the motion
18        for summary judgment for which the request to seal has been denied shall be filed
19        in this action by close of business on August 22, 2016.

21 IT IS SO ORDERED.

22 Dated:  **August 19, 2016**

                                    UNITED STATES MAGISTRATE JUDGE

3