# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JACQUES,<br><br>      Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>      Defendants. | Case No.  1:12-cv-00821-SAB<br><br>ORDER ADDRESSING JOINT PRETRIAL STATEMENT<br><br>(ECF No. 185)<br><br>Deadline: October 3, 2016 at noon |

Pursuant to the Court's order, the parties filed a joint pretrial statement on September 27, 2016. (ECF No. 185.)  The Court's scheduling order issued on February 28, 2013 advised the parties that they were to comply with Local Rules 281 and 282 in preparing for the pretrial conference.  (ECF No. 56 at 5.)  Further, the order states that "[t]he Court will insist upon strict compliance with those rules."  Id.  Upon review of the submission by the parties, the Court finds that the parties' pretrial statement does not comply with Local Rule 281.

Local Rule 281 which governs the pretrial statement provides that the parties shall include:

> **Points of Law.**  A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, **citing the pertinent statutes, ordinances, regulations, cases, and other authorities relied upon.**  Extended legal argument is not required in the pretrial statement.

1

1 L.R. 281(b)(8) (emphasis added).  Other than stating that California substantive law applies to
2 the claims, the parties have not provided any law that is applicable to the claims proceeding to
3 trial in this action.

4 Further, the pretrial statement sets forth a list of 32 exhibits.  (ECF No. 185 at 13-14.)
5 The statement then states, "The Parties final exhibit list will include documents exchanged in
6 discovery and will be provided to the Parties and to the Court as the Court directs.  Stated
7 differently, this list is not complete.  The Plaintiff expects that there will be approximately 150
8 exhibits."  (Id. at 14.)

9 Pursuant to the Local Rule each party is required to include in the pretrial statement "[a]
10 list of documents or other exhibits that the party expects to offer at trial.  **Only exhibits so listed**
11 **will be permitted to be offered at trial except as may be otherwise provided in the pretrial**
12 **order.**"  L.R. 281(b)(11) (emphasis added).  No exhibit, other than those listed in the exhibit
13 section of the pretrial order may be admitted during the trial of this action unless the parties
14 stipulate or upon a showing that the pretrial order should be modified to prevent "manifest
15 injustice."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

16 Further, Plaintiff indicates that he intends to file a motion for reconsideration of the order
17 granting in part and denying in part Defendant's motion for summary judgment.  A motion for
18 reconsideration must be filed within a reasonable time.  See Fed. R. Civ. P. 60(c).  Given that the
19 pretrial statement has been filed and the pretrial conference will be conducted on October 4,
20 2016, it appears to the Court that any motion for reconsideration may be untimely as it would be
21 filed on the eve of trial.  The Court notes that Defendant filed the motion for summary judgment
22 on June 17, 2016, but set the hearing on the motion for August 19, 2016. (ECF No. 145.)  Due to
23 the delay in setting the hearing for the summary judgment motion, the trial in this matter was
24 continued to December 6, 2016.  (ECF No. 158.)

25 In support of the motion for summary judgment the parties filed requests to seal
26 documents.  (ECF Nos. 154, 164.)  Upon review of the requests to seal, the Court found that
27 parties did not meet their burden to demonstrate compelling reasons to file the documents under
28 seal and they were ordered to file an amended request to seal documents relevant to the motion.

(ECF No. 171.) Although the parties were provided with two weeks to file their amended motions, they stipulated to extend the filing deadline set by the Court. (ECF No. 171, 172.) Upon filing the amended motion, the parties did not comply with the order denying the request to seal and the amended order to seal was denied. (ECF No. 180.) After the hearing on the motion, the parties filed the documents for the Court to consider in deciding the motion which delayed the issuance of the order deciding the issues raised on summary judgment. (ECF No. 181, 182.) Due to the pending trial, this case has now taken a higher priority on the Court's docket. The parties shall place this case at the front of the line. If plaintiff chooses to file such a motion, plaintiff shall be required to address the timeliness issue.

The Court informs the parties, that the orders of this Court, Local and Federal Rules are not mere recommendations to the parties to be followed or not at their discretion. The Court shall strictly enforce orders and the rules that apply to this action. With this warning, the parties shall be granted an opportunity to file an amended pretrial statement that complies with Local Rule 281. The Court would strongly encourage the parties to refer to Rule 281 to ensure that their pretrial statement complies with the Court's requirements.

Accordingly, IT IS HEREBY ORDERED that the parties may file an amended pretrial statement by **noon on October 3, 2016**. If the parties do not file an amended pretrial statement, the Court shall find that the statement filed September 27, 2016, is the parties' pretrial submission; and the parties will be limited to those exhibits and witnesses listed therein unless the parties stipulate to any additions.

IT IS SO ORDERED.

Dated:   **September 29, 2016**

UNITED STATES MAGISTRATE JUDGE